IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| Gaielle G. Tapia-Srejma, *individually, and on behalf of all similarly situated persons* | |
| Plaintiff, | |
| v. | Civil Action No.<br>Demand for Jury Trial |
| Roark Travel Service Network LLC;<br>*A Missouri Limited Liability Company,* | |
| | COLLECTIVE & CLASS ACTION |
| Defendant. | |

## VERIFIED COMPLAINT

**NOW COMES** the Plaintiff, Gaielle G. Tapia-Srejma, ("Plaintiff" or "Ms. Tapia-Srejma"), by and through her counsel, and for her Complaint against Defendant Roark Travel Service Network LLC, ("Defendant") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action, individually and on behalf of all similarly situated persons, against Roark Travel Service Network, LLC, *a Missouri Limited Liability* Company for unpaid compensation.

2. Plaintiff alleges that Defendant failed and refused to pay her, and other similarly situated persons, minimum wage and overtime compensation for all hours worked.

3. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and Missouri law. Plaintiff seeks declaratory relief; straight time premiums for all hours worked, time and one half overtime premiums for all hours she

1

worked over forty (40) in any given workweek and not compensated; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

4. Defendant's practice and policy is, and has been, to willfully fail to compensate Plaintiff for all hours worked while employed by Defendant, in violation of the FLSA and Missouri law.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

6. This Court has supplementary jurisdiction over Plaintiff's claims for unpaid minimum wages and overtime compensation under Missouri law under 28 U.S.C. §1367 because the state claims are so closely related to the FLSA claims that they form part of the same case or controversy.

7. The Western District of Missouri, Southern Division, has personal jurisdiction over Defendant because it is a Missouri business entity, registered to do business in Branson Taney County Missouri, and does conduct business in this judicial District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District and because the Defendant resides in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (c).

2

## PARTIES

**A. Plaintiff**

10. Plaintiff Gaielle G. Tapia-Srejma is an adult resident of Branson, Missouri, residing at 438 Jasmine Dr. Branson, MO 65616.

11. Defendant employed Plaintiff Gaielle Tapia-Srejma as a salesperson from on or about March 7, 2010 to December 3, 2010.

12. Plaintiff Gaielle Tapia-Srejma worked as a salesperson inside Defendant's Branson, Missouri location only.

13. During her employment with Defendant, Plaintiff Gaielle Tapia-Srejma regularly worked without receiving straight compensation equaling the minimum wage as required by federal law.

14. During her employment with Defendant, Plaintiff Gaielle Tapia-Srejma regularly worked without receiving straight compensation equaling the minimum wage as required by the Missouri Minimum Wage Law, R.S. Mo. 290.500 *et seq.* (hereinafter, the "MMWL").

15. During her employment with Defendant, Plaintiff Gaielle Tapia-Srejma regularly worked more than forty (40) hours in given workweeks without receiving overtime compensation equaling one and one half times her regular rate for every hour over forty (40) she worked in a workweek as required by federal law.

16. During her employment with Defendant, Plaintiff Gaielle Tapia-Srejma regularly worked more than forty (40) hours in given workweeks without receiving overtime compensation equaling one and one half times her regular rate for every hour over forty (40) she worked in a workweek as required by the MMWL.

17. At all relevant times, Plaintiff Gaielle Tapia-Srejma was an employee of Defendant for FLSA purposes.

18. At all relevant times, Plaintiff Gaielle Tapia-Srejma was an employee of Defendant for MMWL purposes.

**B.   Defendant**

19. Defendant Roark is a limited liability company that maintains its principal place of business in Branson, Missouri (Taney County). Defendant is a covered employer within the meaning of the FLSA and the MMWL.

20. Defendant employed Plaintiff Gaielle Tapia-Srejma during all relevant times.

## FACTUAL BACKGROUND

21. At all relevant times Ms. Tapia-Srejma worked inside Defendant's Branson, Missouri location.

22. Ms. Tapia-Srejma's worked as an inside sales person attempting to sell Defendant's travel club programs to the public who were attending Defendant's sales presentations at Defendant's business location.

23. Defendant paid Ms. Tapia-Srejma on a commission-based compensation scheme for each travel club program she sold.

24. Defendant's compensation scheme for all salespersons was similar or identical to the one it paid Ms. Tapia-Srejma.

25. Defendant did not pay Ms. Tapia-Srejma, or any other similarly situated salesperson, a guaranteed minimum wage.

4

26. If Ms. Tapia-Srejma, or any other similarly situated salesperson, failed to make sufficient sales in a given work week for her commissions to equal the legally required minimum wage or overtime compensation then, she failed to receive legally sufficient wages for that work week.

27. For some of the workweeks in which she performed work for Defendant, Plaintiff received no wages at all.

28. Defendant failed to pay federal and state legally required minimum wages and overtime wages to Ms. Tapia-Srejma and other similarly situated salespersons in many given work weeks over the last three years.

## REPRESENTATIVE ACTION ALLEGATIONS

29. Plaintiff Gaielle Tapia-Srejma realleges and incorporates the allegations contained in paragraphs 1 through 28.

30. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated salespersons who were, are, or will be employed by Defendant within three years from the commencement of this action who have not been compensated for all hours worked at the prevailing federal minimum wage and overtime compensation as required by the FLSA.

31. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff Gaielle Tapia-Srejma, the Representative Plaintiff, because the claims of Gaielle Tapia-Srejma are similar to the claims of the putative plaintiffs of the representative action.

32. Plaintiff Gaielle Tapia-Srejma is similarly situated to the putative Plaintiffs working as salespersons for Defendant, in that she has substantially similar job requirements and

pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees the prevailing minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) in given work weeks.

33. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

### Class Action Allegations

34. Plaintiff Tapia-Srejma brings Count II of this lawsuit as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violations of the MMWL, on behalf of herself and as the Class Representative of the following persons (the "Inside Salesperson Class"): all persons employed by Defendant as Inside Salespersons—at any time within two (2) years preceding the filing of this lawsuit—who were paid commissions and not paid a guaranteed minimum wage and/or who were not paid overtime wages.

35. Plaintiff Tapia-Srejma brings Count III of this lawsuit as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and as the Class Representative of the following persons (the "Inside Salesperson Class"): all persons employed by Defendant, Roark Travel Service Networks, LLC as Inside Salespersons—at any time within five (5) years preceding the filing of this lawsuit—who were paid commissions and not paid a guaranteed minimum wage and/or who were not paid overtime.

36. The questions of law and fact common to members of the Inside Salesperson Class predominate over any questions affecting only individual members of the respective classes.

37. Class action treatment is a superior method for the fair and efficient adjudication of the controversy in that, among other things, there is no interest by members of the classes in individually controlling the prosecution of separate actions and it is desirable to concentrate the litigation of the claims made herein in a single proceeding in order to provide relatively small claimants with a forum in which to seek redress for the violations of law set forth in this complaint.

38. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the class action procedure, including but not limited to providing claimants with a method for the redress of claims that may not otherwise warrant individual litigation.

39. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff Gaielle Tapia-Srejma realleges and incorporates the allegations contained in Paragraphs 1 through 39.

41. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff.

43. At all relevant times, Defendant has had gross annual operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

7

44. Ms. Tapia-Srejma is entitled to be paid compensation for all hours worked at a rate no less than the minimum wage as required under federal law.

45. As a result of Defendant's failure to compensate Ms. Tapia-Srejma for all hours worked at a rate no less than the minimum wage as required under federal law, Defendant has violated the FLSA, including 29 U.S.C. § 206(a).

46. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

47. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Plaintiff and the putative members of the FLSA representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked for the preceding three (3) years, plus periods of equitable tolling along with an additional equal amount as liquidated damages.

48. As a result of Defendant's failure to compensate its hourly employees, including Plaintiff and all similarly situated employees, for all hours worked and their failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

49. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

50. Plaintiff Gaielle Tapia-Srejma realleges and incorporates the allegations contained in paragraphs 1 through 49.

51. The MMWL provides that employers such as Defendant must pay a prevailing minimum wage. RSMo. §290.502.

52. Defendant failed to pay Plaintiff, and all putative class members, the legally mandated minimum wage pursuant to the MMWL.

53. The MMWL provides that employers such as Defendant must pay an overtime premium of one and half times worker's regular rate for all hours worked over forty (40) in any given workweek.

54. Defendant failed to pay Plaintiff, and all putative class members, the legally mandated overtime compensation pursuant to the MMWL.

55. Plaintiff Tapia-Srejma and all the putative class members are entitled to damages equal to all unpaid minimum wages and overtime wages due within two (2) years preceding the filing of this lawsuit plus periods of equitable tolling along with an additional equal amount as liquidated damages pursuant to R.S. Mo. §290.527.

## COUNT III--- QUANTUM MERUIT

56. Plaintiff Tapia-Srejma realleges and incorporates by reference paragraphs 1 through 55 as if they were set forth again herein.

57. Alternatively, Defendant is liable to Plaintiff Tapia-Srejma and the Putative Class Members under the doctrine of *quantum meruit*.

58. These Plaintiffs provided a benefit to Defendant by providing services to Defendant. Defendant accepted the benefit of the services, but failed to pay for the services and thus was unjustly enriched.

59. Hours that were worked but uncompensated include time when these Plaintiffs performed work for Defendant but Defendant did not compensate them for the time they worked.

60. Plaintiff Tapia-Srejma and the Putative Class Members reasonably expected to be compensated for the services when they were provided and Defendant knew that these Plaintiffs would expect to be paid for their services when it accepted the benefit.

61. The reasonable amount charged for the services would be determined according to the formula of a reasonable hourly rate, multiplied by the hours worked and not paid.

62. Plaintiff and all putative class members are entitled to damages equal to the amount Defendant was unjustly enriched thereby for the preceding five (5) years plus periods of equitable tolling along with any additional appropriate equitable damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the MMWL;

2. An award of damages, including liquidated damages, to be paid by Defendant;

3. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

4. Pre-Judgment and Post-Judgment interest, as provided by law; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: May 27, 2011

Respectfully submitted,

/s/ Russell C. Riggan
Russell C. Riggan, Esq.
RIGGAN LAW FIRM, LLC
2000 South 8th Street
St. Louis, Missouri 63104
(314) 771-5555 (telephone)
(314) 735-1054 (fax)
russ@rigganlawfirm.com

*Attorney for Plaintiff*

Of Counsel:

Alan G. Crone, Esq.
CRONE & McEVOY, PLC
5583 Murray Road, Suite 120
Memphis, TN 38119
(901) 737.7740 (voice)
(901) 737.7558 (fax)

*Attorney for Plaintiff*

## DECLARATION AND VERIFICATION

I, Gaielle Tapia-Srejma, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

I also consent to and authorize my attorney to file this case as a collective action pursuant to § 216(b) of the Fair Labor Standards Act, and I agree to fulfill the obligations and duties of a representative party if so certified by the Court.

_____
Ms. Gaielle Tapia-Srejma